UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| | ) | Case No. 16bk36530 |
| John C. Collum, | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| John C. Collum, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 22ap00178 |
| | ) | |
| City of Chicago, Illinois, | ) | Judge Timothy A. Barnes |
| | ) | |
| Defendant. | ) | |
| | ) | |

TIMOTHY A. BARNES, Judge.

<u>MEMORANDUM DECISION</u>

This matter comes on for consideration on the City of Chicago's Motion to Dismiss [Adv. Dkt. No. 8][1] (the "<u>Motion to Dismiss</u>") brought by the defendant City of Chicago, Illinois (the "<u>City</u>") seeking dismissal of the Adversary Complaint for Actual Damages and Injunctive Relief for Violation of the Automatic Stay [Adv. Dkt. No. 1] (the "<u>Complaint</u>") brought by John C. Collum (the "<u>Plaintiff</u>").  The Complaint alleges that the City violated sections 362(a)(4) and (a)(6) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>").  In the Complaint, the Plaintiff seeks an award of "actual and compensatory damage for the loss of possession, use and control of a motor vehicle," attorney's fees and costs and an order enjoining the City from continuing to withhold the vehicle.

The Motion to Dismiss seeks dismissal of both counts of the Complaint under the theory of Illinois's statute of limitations barring the alleged violation of sections 362(a)(4) and (a)(6) of the Bankruptcy Code, and, in the alternative, for failure to comply with Rule 9020-1 of the Local Rules the United States Bankruptcy Court of Northern District of Illinois (the "<u>Local Rules</u>" and, as to each, "<u>Local Rule ___</u>").

For the reasons more fully set forth below, upon review of the parties' respective filings and after conducting a hearing on the matter, the court finds that the City failed to establish that

---

[1]      References to docket entries in this adversary proceeding will be noted as "Adv. Dkt. No. ___." References to docket entries in the underlying bankruptcy case, *In re John C. Collum*, Case No. 16bk36530 (Bankr. N.D. Ill. filed January 16, 2016) (Barnes, J.) (the "<u>Main Case</u>"), will be noted as "Dkt. No. ___."

limitations borrowing is appropriate for actions under section 362 of the Bankruptcy Code. Alternatively, Local Rule 9020-1 does not apply to the Complaint, which also seeks an injunction. The Motion to Dismiss will be, therefore, by separate order entered concurrent herewith, DENIED.

JURISDICTION

The federal district courts have "original and exclusive jurisdiction" of all cases under the Bankruptcy Code. 28 U.S.C. § 1334(a). The federal district courts also have "original but not exclusive jurisdiction" of all civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code. 28 U.S.C. § 1334(b). District courts may refer these cases to the bankruptcy courts for their districts. 28 U.S.C. § 157(a). In accordance with section 157(a), the District Court for the Northern District of Illinois has referred all of its bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Internal Operating Procedure 15(a).

A bankruptcy court judge to whom a case has been referred has statutory authority to enter final judgment on any core proceeding arising under the Bankruptcy Code or arising in a case under the Bankruptcy Code. 28 U.S.C. § 157(b)(1). Bankruptcy court judges must therefore determine, on motion or *sua sponte*, whether a proceeding is a core proceeding or is otherwise related to a case under the Bankruptcy Code. 28 U.S.C. § 157(b)(3). As to the former, the bankruptcy court judge may hear and determine such matters. 28 U.S.C. § 157(b)(1). As to the latter, the bankruptcy court judge may hear the matters, but may not decide them without the consent of the parties. 28 U.S.C. §§ 157(b)(1) & (c). Absent consent, the bankruptcy court judge must "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

In addition to the foregoing considerations, a bankruptcy court judge must also have constitutional authority to hear and determine a matter. *Stern v. Marshall,* 564 U.S. 464 (2011). Constitutional authority exists when a matter originates under the Bankruptcy Code or, in noncore matters, where the matter is either one that falls within the public rights exception, *id.*, or where the parties have consented, either expressly or impliedly, to the bankruptcy court hearing and determining the matter. *See, e.g., Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 685 (2015) (parties may consent to a bankruptcy court's jurisdiction); *Richer v. Morehead*, 798 F.3d 487, 490 (7th Cir. 2015) (noting that "implied consent is good enough").

All counts in the Complaint are based on alleged violations of the automatic stay under section 362(a) of the Bankruptcy Code. A cause of action for alleged violations of the automatic stay may only arise in a bankruptcy case and, therefore, is a core proceeding and within the court's constitutional authority. 28 U.S.C. § 157(b)(2)(O); *Gecker v. Gierczyk (In re Glenn)*, 359 B.R. 200, 203 (Bankr. N.D. Ill. 2006) (Black, J.) ("[T]he cause of action for violating the automatic stay under section 362(k)(1) does not appear to have had a counterpart in eighteenth century England.").

It follows that a motion to dismiss such actions is also a matter within the bankruptcy court's jurisdiction and constitutional authority. *Handler v. Moore (In re Moore)*, 620 B.R. 617, 625 (Bankr. N.D. Ill. 2020) (Barnes, J.). More importantly, the City has both filed a claim (detailed below) and thus submitted itself to the jurisdiction of the court on these matters, *Langenkamp v. Culp*, 498 U.S.

2

42, 43 (1990), but also no party has contested the jurisdiction or authority of the undersigned or this court in entering final orders in this matter.

Accordingly, the undersigned has the jurisdiction, statutory authority and constitutional authority to hear and determine the Motion to Dismiss.

BACKGROUND AND PROCEDURAL HISTORY[2]

On November 16, 2016, the Plaintiff filed the Main Case, a chapter 13 bankruptcy case, in the Northern District of Illinois. The City filed Claim No. 9-1 on January 5, 2017, as an unsecured claim based on unpaid parking tickets (the "Claim"). This court confirmed the Plaintiff's Chapter 13 Plan [Dkt. No. 27] (the "Plan") on March 16, 2017. *See* Order Confirming Plan [Dkt. No. 29] ("the "Confirmation Order"). Pursuant to the express terms of the Confirmation Order, "[a]ll property of the estate, as specified by the 11 U.S.C. section 541 and 1306, will continue to be property of the estate following confirmation, unless (1) the plan provides for surrender of the property, or (2) the property is sold pursuant to the plan or court order."[3]

In the Complaint, the Plaintiff alleges that on March 29, 2017, after the confirmation of the Plan and when, pursuant to the Confirmation Order, the bankruptcy estate remained under the protection of the Bankruptcy Code, the City allegedly impounded the Plaintiff's Dodge Magnum (the "Vehicle") for the unpaid parking tickets detailed in the Claim and treated under the Plan.

The Plaintiff further alleges that on March 29, 2017, the Plaintiff demanded the release of the Vehicle from the City. The Plaintiff states that even if the City did not receive notice of the Main Case before such time (which would be hard to assert as the City filed the Claim before the alleged impound), the demand itself gave the City actual notice of the Plaintiff's bankruptcy. The Plaintiff asserts that the City claimed a possessory lien against the Vehicle and refused to release the Vehicle unless the Plaintiff paid 25% of his ticket debt. Unable to pay the demanded funds, the Plaintiff argues that the City has since then denied him possession of the Vehicle.

On October 12, 2017, the Main Case was dismissed without a discharge and on March 1, 2018, the case was closed. On November 4, 2022, without reopening the Main Case, the Plaintiff commenced the above-captioned adversary proceeding within it by filing the Complaint. The Complaint seeks damages in two counts for alleged violations of the automatic stay under sections 362(a)(4) and (a)(6) of the Bankruptcy Code, respectively. While the Complaint references section 362(k), the damages provision expressly contained within section 362, it does not limit its request for relief to that section.

---

[2]      The background set forth herein is as stated in the Complaint and is adopted for the purposes of resolving the Motion to Dismiss only. In accordance with Fed. R. Civ. P. 52(a)(3), such background does not constitute findings by the court. Findings of fact are reserved for summary judgment or trial, as appropriate.

[3]      The court is aware that bankruptcy courts in the Seventh Circuit are unique among the national courts in that they may not simply allow a debtor to exercise the option afforded it by Congress under section 1327(b) of the Bankruptcy Code to maintain property as estate property without first expressing a good, case-specific reason for doing so. *In re Cherry*, 963 F.3d 717, 720 (7th Cir. 2020). While this decision is an anomaly, it is binding law in this Circuit. The Confirmation Order in this matter, however, predates the decision in *Cherry* and the City has not argued that it does not control in this matter.

3

On December 2, 2022, rather than answer the Complaint, the City filed the Motion to Dismiss before the court today.  The Motion to Dismiss seeks to have both counts of the Complaint dismissed.

In taking up the Motion to Dismiss, the court has considered the arguments of the parties at hearings on December 15, 2022, and February 9, 2023, and has reviewed and considered the Motion to Dismiss, the Complaint, and the following documents relating to the Motion to Dismiss:

(1)    Response of Plaintiff John C. Collum to Defendant City of Chicago's Motion to Dismiss [Adv. Dkt. No. 14]; and

(2)    City of Chicago's Reply in Support of Its Motion to Dismiss [Adv. Dkt. No. 15] (the "Reply").

The court has also taken into consideration any and all exhibits submitted in conjunction with the Motion to Dismiss and the foregoing.  Though these items do not constitute an exhaustive list of the filings in the above-captioned adversary proceeding and bankruptcy case, the court has taken judicial notice of the contents of the docket in this matter.  *See Levine v. Egidi*, Case No. 93C188, 1993 WL 69146, at *2 (N.D. Ill. Mar. 8, 1993) (authorizing a bankruptcy court judge to take judicial notice of the court's own docket); *In re Brent*, 458 B.R. 444, 455 n.5 (Bankr. N.D. Ill. 2011) (Goldgar, J.) (recognizing same).[4]  The court has also considered the procedural history and previous court filings in this proceeding and the Main Case, as is discussed below in detail.

## ISSUES PRESENTED

The Motion to Dismiss seeks to have both counts of the Complaint dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Civil Rules" and as to each, "Civil Rule ___"), made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and as to each, "Bankruptcy Rule ___"), on two alternative theories:

(1)    Failure to Comply with Local Rule 9020-1: The City contends that the Motion to Dismiss is procedurally improper as it should have been brought as a motion in accordance with Local Rule 9020-1.

(2)    Statute of limitations: The City further contends that the conduct detailed in the Complaint occurred more than five years ago.  As a result, the City argues that such counts are time-barred and must be dismissed.

For the reasons discussed in more detail below, at best, each of these theories is problematic. Before taking up the City's arguments, the court first considers the law underlying them.

---

[4]    "Taking judicial notice does not trigger Civil Rule 12(d).  *520 S. Michigan Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1138 n.14 (7th Cir. 2008); *Whitehead v. Discover Bank*, 118 F. Supp. 3d 1111, 1118 (E.D. Wis. 2015)."  *Walden Invs. Grp, LLC v. First Nations Bank* (*In re Montemurro*), 580 B.R. 490, 495 (Bankr. N.D. Ill. 2017) (Barnes, J.).

APPLICABLE STANDARDS

A.   <u>Burdens</u>

Unless the burden is shifted by applicable law or rules of court, parties seeking relief in the federal courts always bear the initial burden on their requests.  Frivolous requests will not be approved by the courts, even if ineffectually opposed or entirely unopposed.

Matters in the bankruptcy courts are no different.  *In re Woods*, 517 B.R. 106, 116 (Bankr. N.D. Ill. 2014) (Barnes, J.) (Movants "must establish at least a colorable claim to the relief requested.").

In bankruptcy, as with virtually all other civil matters, the initial burden is nearly always met by a preponderance of the evidence.  *See Grogan v. Garner*, 498 U.S. 279, 286 (1991) ("Because the preponderance-of-the-evidence standard results in a roughly equal allocation of the risk of error between litigants, we presume that this standard is applicable in civil actions between private litigants unless 'particularly important individual interests or rights are at stake.'") (*citing Herman & MacLean v. Huddleston*, 459 U.S. 375, 389–90 (1983); *Addington v. Texas*, 441 U.S. 418, 423 (1979)).  The court has been given no reason to presume that such a burden does not apply here.

On a motion such as the one at bar,

> [a] party seeking dismissal under Rule 12(b)(6) "bears a weighty burden."
> *Hobson v. Kemper Nat'l Servs. Integrated Disability Mgmt.,* No. 1:03–CV–00617–SEB–VS,
> 2004 WL 578398, at *1 (S.D. Ind. Mar. 18, 2004).  This burden requires that the
> movant establish "the legal insufficiency of the complaint."  *Moriarty ex rel. Teamsters
> Local Union No. 727 Health & Welfare Fund v. K & M Plastics, Inc.,* No. 03 C 7295,
> 2004 WL 1170000, at *1 (N.D. Ill. Feb. 6, 2004) (*citing Yeksigian v. Nappi,* 900 F.2d
> 101, 104–05 (7th Cir. 1990)).

*Muhammad v. Reed* (*In re Reed*), 532 B.R. 82, 88 (Bankr. N.D. Ill. 2015) (Barnes, J.).

In making such a determination, the court will "view [the complaint] in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *Anchorbank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).  It will consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).[5]

The City, as the movant, therefore bears both that initial burden and the burden of going forward, and must satisfy those burdens by showing, by a preponderance of the evidence, that the

---

[5]   The Seventh Circuit has made clear that, even where a plaintiff fails to reply to a motion to dismiss or does so insufficiently, the court has an independent duty to ensure that the movant has met her burdens. *Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021) ("Rule 12(b)(6) prevents courts from granting unopposed motions solely because there is no response.").

Complaint is insufficient even in light of all well-pleaded allegations therein taken as true and all possible inferences being made in the Plaintiff's favor.

B.      Local Rule Violation

As discussed in more detail below, the City argues that the Complaint must be dismissed for failure to comply with the Local Rules. While, as set forth above, the existing case law guides the court as to what weight to give factual allegations in the Complaint, the City's Local Rule argument is not one that is fact bound. Stated another way, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, while the parties are each responsible for the sufficiency of their legal positions, it remains the movant's burden under Civil Rule 12(b)(6) to establish cause of dismissal. *Marcure*, 992 F.3d at 631 ("[E]very circuit court to address this issue— this Court included—has interpreted Rule 12(b)(6) as requiring the movant to show entitlement to dismissal.").

It should be noted that while courts rarely dismiss complaints for violations of procedural filing rules, there are instances where the violations are so egregious that dismissal is warranted. *See, e.g.*, *Brooks v. Complete Warehouse & Distr. LLC*, Case No. 15-CV-564-PP, 2017 WL 120914, at *6 (E.D. Wis. Jan. 12, 2017) (dismissing for pervasive failure to comply with Civil Rules 8, 10 and 15 and futility of further amendment), *aff'd*, 708 F. App'x 282 (7th Cir. 2017) (upholding the district court ruling for "substantially the same reasons"); *see also Stanard v. Nygren*, 658 F.3d 792, 800–01 (7th Cir. 2011) (focusing on whether violations of procedural rules rose to a level where the district court could not properly adjudicate a matter).

The Court of Appeals for the Ninth Circuit has formulated a 5-part test for trial courts within the Circuit when considering whether to dismiss for violations of local rules, charging such courts with weighing "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986). While not binding here, this test is useful in considering the request at bar, as will be discussed below.

In sum, while the City as the movant bears the entirety of the burden relating to its novel legal argument that the Complaint must have been brought as a motion under the Local Rules, the City must not overcome any presumption in favor of the Plaintiff in meeting that burden. The City must nonetheless focus not on the text of applicable rules, but the underlying reasons such rules should or should not be enforced.

C.      Statute of Limitations

> [B]ecause a statute of limitations defense is an affirmative defense, dismissal under
> Rule 12(b)(6) on those grounds is only proper where the allegations "plainly reveal
> that the action is untimely under the governing statute of limitations." *Chicago Bldg.*
> *Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (cleaned up)
> (*citing Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012)).

6

*Bradenberg v. Meridian Senior Living, LLC*, 564 F. Supp. 3d 627, 632 (C.D. Ill. 2021).  This is because "a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses." *Indep. Trust.*, 665 F.3d at 935.  *But see Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (granting motion to dismiss based on statute of limitations defense where the relevant dates were set forth unambiguously in the complaint).

Here, as in *Bradenberg*, the City seeks to step ahead of the affirmative defense process by raising the issue of statutes of limitations at the motion to dismiss stage.  To do so, the City may only satisfy its burden if the allegations "plainly reveal that the action is untimely under the governing statute of limitations." *Chicago Bldg. Design*, 770 F.3d at 613.

As with the Local Rule argument raised by the City, this argument is not fact bound.  Again, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Thus, the City as the movant bears the burden here on the sufficiency of its legal argument and, in fulfilling that burden, must demonstrate that the Plaintiff's action is plainly revealed as untimely under the governing statute of limitations and the facts alleged in the Complaint.

DISCUSSION

As noted above, the Motion to Dismiss seeks to have both counts of the Complaint dismissed for failure to state a claim under Civil Rule 12(b)(6).  The City first argues that the Complaint must be dismissed for failure to comply with Local Rule 9020-1.  Next, the City argues that the causes detailed in the Complaint are time-barred.

The court will take up each contention in turn.

A.      Local Rule 9020-1

Local Rule 9020-1 provides a procedure by which a party seeking contempt damages under Bankruptcy Rule 9020 in this District may proceed.  Bankruptcy Rule 9020 states that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Fed. R. Bankr. P. 9020.  In turn, Local Rule 9020-1 provides that, among other requirements, "[a] proceeding to adjudicate a person in civil contempt of court for conduct outside the presence of the court *must be commenced under Fed. R. Bankr. P. 9020* either on the court's own motion by order to show cause, or motion by a party in interest."  Local Rule 9020-1(A)(1) (emphasis added).

The City contends that the plain language of Local Rule 9020-1(A)(1) requires a party seeking a civil contempt finding from the court to proceed by motion.  This argument is misplaced on a number of levels.

Bankruptcy Rule 9020 does not require a party seeking a finding of contempt to proceed by motion.  By its plain language Bankruptcy Rule 9020 merely states that a party proceeding by motion must be bound to the strictures of contested matters in Bankruptcy Rule 9014.  Nothing in Bankruptcy Rule 9020 requires a party to proceed by motion as the only avenue of seeking contempt.

7

In turn, Local Rule 9020-1 by its express terms governs a party proceeding "under Fed. R. Bankr. P. 9020." Local Rule 9020-1(A)(1). This, as the foregoing makes clear, would be those parties who have chosen to proceed by motion.

The intent behind these rules is clear, to ensure that a party adhere at a minimum to the due process and stricter procedural requirements of contested matters. It would be entirely consistent with that intent for a party to proceed by way of the more protective avenue of an adversary proceeding and nothing in the Local Rules requires otherwise.

Even if the City were correct in its contention that Local Rule 9020-1 should be read to restrict proceeding by adversary proceeding, that result would be untenable for a number of reasons.

First, local rules do not supersede the procedures in national rules, but rather facilitate them. *Marcure*, 992 F.3d at 632 ("[A] local rule cannot abridge a Federal Rule of Civil Procedure."). The Bankruptcy Rules clearly do not proscribe contempt actions to be by motion only.

Second, the City oversimplifies the Complaint as one seeking to hold the City in contempt. While that may be the net result of a determination on the merits of the action, *see, e.g., Paloian v. Grupo Serla S.A. de C.V.*, 433 B.R. 19, 41 (N.D. Ill. 2010) ("a bankruptcy court may punish a violation of the automatic stay pursuant to its civil contempt powers codified in § 105(a)."); *Gecker*, 379 B.R. at 764 (a party harmed by a stay violation may "recover damages in the form of costs and attorney's fees under section 105(a) as a sanction for ordinary civil contempt."), the City conveniently overlooks that the Complaint does not rely on contempt. In fact, the Complaint itself makes no reference to contempt at all. Instead, the Complaint asks for injunctive relief and damages for the actions it attributes to the City. Even were Local Rule 9020-1 to be read in the limiting fashion the City suggests, that limitation would not apply here.

Third, even where the Bankruptcy Rules appear to require a party to act other than by an adversary proceeding, the Rules themselves both allow for optionality and make clear than an adversary should be sought for complex matters. For example, while Bankruptcy Rule 3007 creates an avenue for objecting to claims other than by adversary proceeding, it does not foreclose proceeding by adversary. Further, that procedure makes clear that when combined with a request that must be brought by adversary, the simple avenue is foreclosed and an adversary must be used for that extra relief. *See, e.g.*, Fed. R. Bankr. P. 3007(b) (making clear that a claim objection may be incorporated into such an adversary proceeding but other adversary relief may not be incorporated into a claim objection). Here, the Complaint seeks injunctive relief as well as damages.[6] Such a request *must* be brought by way of an adversary proceeding. Fed. R. Bankr. P. 7001(7).

---

[6]  For the first time in its Reply, the City addresses the Debtor's request for an injunction. The City's counsel must no doubt be aware, however, that one cannot assert an argument for the first time in a reply brief. *United States v. Hughes*, 970 F.2d 227, 235 (7th Cir. 1992) ("[W]e will not consider the new issues since "'[a]rguments raised for the first time in a reply brief are waived.'") (*quoting Ippolito v. WNS, Inc.*, 864 F.2d 440, 455 n.12 (7th Cir. 1988)). For whatever reason, the City chose to characterize the Complaint as seeking only contempt when it must have known that was not true. It cannot now doubly compound the improvidence of that approach by seeking to introduce those concepts for the first time in its Reply. These arguments have been waived.

8

Finally, the City's Motion to Dismiss is painfully ignorant of the absurdity of its request. Under the guise of judicial economy and simplicity, the City seeks to dismiss an action squarely before the court and require that action to be brought again. The Complaint does not conflate this proceeding nearly to the degree of the Motion to Dismiss itself. Following the Ninth Circuit's guidance in *Henderson*, this court finds that expeditious resolution of this matter, the efficiency of proceeding by adversary rather than the more nebulous rules of contested matters, the risk of prejudice to the Plaintiff (rather than the City) *and* the public policy of allowing this matter to proceed to a determination on its merits all militate in favor of hearing the matter as it is presently situated.

For all of these reasons, the City's request that the Complaint be dismissed for violation of Local Rule 9020-1 will be denied.

B.      Statute of Limitations

The City's statute of limitations argument is no less problematic.

The City contends that, while the Bankruptcy Code provides no statute of limitations for seeking remedies for alleged violations of the automatic stay, applicable case law requires that the court therefore "borrow" a statute of limitations from a comparable state law cause of action.

The City is not incorrect in its general contentions as to limitations borrowing. As the Supreme Court has recognized, limitations borrowing "was adopted for civil rights actions filed in federal court as early as 1914, in *O'Sullivan v. Felix*, 233 U.S. 318," *Bd. Of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980), but has been repeatedly used by federal courts in other contexts. *Id.* at 483–84.

The City is, however, incorrect in seeking to apply this theory to automatic stay-based causes of action, for a number of reasons.

First, as previously noted above, statutes of limitations are affirmative defenses and a plaintiff need not plead to defeat such defenses. *Bradenberg*, 564 F. Supp. 3d at 632. Dismissal for statute of limitations reasons is only appropriate when the complaint plainly and unambiguously reveals that a case is untimely. *Chicago Bldg. Design*, 770 F.3d at 613; *Ross*, 578 F.3d at 579. While, as in *Bradenberg*, the City seeks to step ahead of the affirmative defense process by raising statutes of limitations at the motion to dismiss stage and the court will therefore consider those arguments, the court notes that the only plain and unambiguous conclusions regarding these arguments arise in favor of the Plaintiff, not the City.

Second, the cases on which the City primarily relies for this application do not, in and of themselves, find that a limitations period for automatic stay actions must be borrowed. They are also out-of-circuit law that is, at best, persuasive only here. This court is not persuaded by the cases, for the following reasons:

In *In re Bernheim Litig.*, 290 B.R. 249, 258 (D.N.J. 2003), the district court noted that courts have adopted a variety of approaches in the absence of a federal limitations period, including to "borrow analogous federal limitations periods, apply no limitation period, or apply the doctrine of *laches*." *Id.* The *Bernheim* court noted that it was unable to find any reported case imposing a statute of limitations on section 362(h), thought it did ultimately borrow the limitation period from New

Jersey law. It did so only because the "ultimate resolution of the issue depend[ed] on the application of New Jersey common law" and the existence of the legal right at issue "determine[d] the possibility of liability under all claims, including any violation of the automatic stay under the bankruptcy code." *Id.* at 259–60. That is not the issue here. In making its argument, the City struggled to find an analogous Illinois statute of limitations. This was for good reason. As discussed below, there is none. The automatic stay is a uniquely federal cause of action affording protections not available elsewhere under nonbankruptcy law. Borrowing a statute of limitations is simply not supported by *Bernheim.*

This case is also different from the second case on which the City bases its theory of limitations borrowing for automatic stay actions. *Pierre v. Aurora Commercial Corp*, 620 B.R. 210 (S.D.N.Y. 2020). In *Pierre*, the district court upheld a bankruptcy court's order finding that alleged automatic stay violations were time barred under applicable state law. *Id.* at 216. In doing so, the court noted that the Second Circuit Court of Appeals had not determined the proper statute of limitations for a claim for a violation of a bankruptcy stay under section 362(k) of the Bankruptcy Code. *Id.* Perhaps because all the underlying claims appeared to arise in tort, the district court's analysis of limitations borrowing was cursory, at best. *Id.* at 216–17. It concluded that, in the absence of direction from its court of appeals, borrowing the applicable state law limitations would be ordinary. *Id.* Here, the City's alleged violations of sections 362(a)(4) and (a)(6) do not arise under one area of law alone, nor is that area tort law. Borrowing statutes of limitations is demonstrably not ordinary, but rather one of many possible outcomes. Of course, *Pierre* is also not controlling on this court and is based on an absence of law in its own circuit, something that—as is discussed below—simply is not the case here.

Third, the City ignores that the bulk of the courts that have considered this matter have rejected outright the approach the City seeks. *See., e.g.*, *Terrace Hous. Assocs., Ltd. v. U.S. Dep't of Hous. and Urban Dev. (In re Terrace Hous. Assocs., Ltd.)*, Case No. CV 17-5458, 2018 WL 6308144, at *3 (E.D. Pa. Dec. 3, 2018) ("[T]he automatic stay provision of the Bankruptcy Code contains no statute of limitations… [i]n the absence of such a limitation, the equitable doctrine of *laches* may serve to protect defendants against unreasonable, prejudicial delay in the prosecution of claims against them.")(*citing In re Bressman*, 874 F.3d 142, 149 (3d Cir. 2017)); *Barclay v. Reimer & Lorber Co, LPA (In re Barclay)*, 337 B.R. 728 (Table), 2006 WL 238139, at *5–6 (B.A.P. 6th Cir. 2006); *Williams v. PRK Funding Servs., Inc.*, Case No. C18-48 RSM, 2018 WL 3328398, at *10 (W.D. Wash. July 6, 2018), *aff'd*, 817 F. App'x 524 (9th Cir. 2020); *Koffman v. Osteoimplant Tech., Inc.*, 182 B.R. 115, 124 (D. Md. 1995); *In re Breul*, 533 B.R. 782, 790 (Bankr. C.D. Cal. 2015); *Stanwyck v. Bogen (In re Stanwyck)*, 450 B.R. 181, 193 (Bankr. C.D. Cal. 2011); *Nelson v. Post Falls Mazda (In re Nelson)*, 159 B.R. 924, 925 (Bankr. D. Idaho 1993).

Fourth, the City's contention that the court must borrow a statute of limitations from state law analogous to the automatic stay fails not just because there is no analogous law, but also because the stay itself amalgamates a variety of protections for debtors. The City suggests that the court borrow the statute of limitations from 735 ILCS 5/13-205, which applies to actions "to recover the possession of personal property or damages for the detention or conversion thereof." This law is, while close to some of the allegations in the Complaint, about deprivation of personal property only. It is not about injunctive relief, the other main relief sought in the Complaint. Nor is about contempt, which the City believes the Complaint sounds in. Further, what statute of limitations should a court borrow for other actions prohibited by the stay? While the court might, if it were so inclined, find a somewhat parallel law for each protection, each such law would no doubt have its

10

own statute of limitations. The net result would be that stay violations would be subject to a myriad of limitations, each dependent on the nature of the action stayed. That system would be unworkable, to say the least.

Last and most important, while the City seeks to apply the out-of-Circuit law in *Bernheim* and *Pierre* to the matter at bar, in so doing it ignores the fact that the Seventh Circuit has already addressed this issue. In *Price*, the Seventh Circuit addressed whether the District Court was correct in dismissing actions for violations of the automatic stay after the Debtor's bankruptcy was closed. *Price v. Rochford,* 947 F.2d 829, 831–32 (7th Cir. 1991). The Circuit observed that the 1984 amendments to the Bankruptcy Code, those which added the cause of action for violating the automatic stay, "did not enact a statute of limitations." *Id.* at 831. It found that the District Court had therefore erred when it held that a cause of action under the automatic stay terminated when the stay expired. *Id.* at 831–32. This was not, as the Seventh Circuit stated in *Price*, however, the first time the Seventh Circuit addressed this issue. *Martin–Trigona v. Champion Federal Sav. & Loan Ass'n*, 892 F.2d 575 (7th Cir. 1989) (taking up on the merits whether a seven-year old stay violation could be heard by the courts). Regardless, as the Seventh Circuit held in *Price*, the language of section 362 is "too clear to be ignored, and we hesitate to impose an artificial limit on the breadth of the provision, however appealing the policy considerations. [*The Debtor*] *did state a claim.*" *Price*, 947 F.2d at 831–32 (emphasis added).[7]

For all of the foregoing reasons, the City's argument regarding the statute of limitations is simply misplaced. Though more appropriately brought as an affirmative defense for the reasons stated herein, the City has chosen to fight this fight here and now, and the Motion to Dismiss will be denied in this respect.[8]

---

[7]     It is worth noting that applying the Seventh Circuit's holding in *Price* does not deny a defendant aggrieved by the passage of time on a stay violation a remedy. In fact, the existence of such remedies (*e.g.*, *laches*) is clearly spelled out in *Bernheim* and is consistent with the Seventh Circuit's previous rulings that *laches* does apply to automatic stay considerations. *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir. 1984); *Bernheim*, 290 B.R. at 258. *Laches* is, however, an affirmative defense, and as has previously noted, a plaintiff need not anticipate and plead to affirmative defenses. The defense of *laches* is not properly before the court today.

[8]     It should be noted that this court's holding in denying the Motion to Dismiss is not strictly the law of the case because the ruling is interlocutory. *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986) ("Pre-judgment orders, such as motions to dismiss, are interlocutory and may be reconsidered at any time."). As a result, many courts hold that a party is free to reraise failed motion to dismiss arguments in later summary judgment motions. *See, e.g.*, *Thornton v. Hamilton Sundstrand Corp.*, 54 F. Supp. 3d 929, 938 n.5 (N.D. Ill. 2014) (applying Illinois law). Those courts who do so, however, often rely on the evidentiary presumptions in play at the motion to dismiss stage. *See, e.g.*, *Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 97 (2d Cir. 2013) ("the doctrine [of law of the case] would not preclude a district court from granting summary judgment based on *evidence* after denying a motion to dismiss based only on the plaintiff's *allegations*.") (emphasis added). Further, the Seventh Circuit has made clear this rehearing of issues is up to the trial court's discretion. *Cameo Convalescent Ctr.*, 800 F.2d at 110 ("The district court has the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal."); *In re Soybean Futures Litigation,* 892 F. Supp. 1025, 1042 (N.D. Ill. 1995). Here, an issue of fundamental fairness would apply should the City, as it has done here, accelerate an affirmative defense to the motion to dismiss stage and later, if it so choses, reassert what is essentially the same defense at summary judgment. The court's determination of the law was not fact bound, applied no presumptions in favor of the Plaintiff and is unlikely to change. Thus, while the City might still raise the statute of limitations again as an affirmative defense in

11

CONCLUSION

Having considered the arguments of the City, the court concludes that the Motion to Dismiss is without merit.  The Complaint neither violates Local Rule 9020-1 nor is subject to a statute of limitations.

For all these reasons, the Motion to Dismiss is not well taken and, by order entered contemporaneously with this Memorandum Decision, will be DENIED.

Dated:  March 22, 2023                                    ENTERED:

_____
Timothy A. Barnes, Judge
United States Bankruptcy Court

---

this matter, should the City simply assert the same legal argument it has today, no matter how refined it may then be in light of today's ruling, the result will be the same.  A party should not be allowed two bites at the same apple.  *See e.,g.*, *In re Valeant Pharms. Int'l, Inc., Sec. Litig.*, Case No. CV157658MASLHG, 2019 WL 2724075, at *5 (D.N.J. June 30, 2019) (rejecting legal argument raised previously in a motion to dismiss as a "second bit at the apple" as running against judicial economy).